UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| HEATHER ROSE CURRY ) <br> 208 Dowell Street ) <br> Campbellsville, KY 42718 ) <br> ) <br>     PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> GOODWILL INDUSTRIES OF KENTUCKY, INC. ) <br> D/B/A GOODWILL INDUSTRIES OF KENTUCKY ) <br> 1325 South Fourth Street ) <br> Louisville, KY 40208 ) <br> ) <br>     SERVE: Roland R. Blahnik ) <br>              1325 South Fourth Street ) <br>              Louisville, KY 40208 ) | CIVIL ACTION NO.: <br><br> 1:11cv93-M <br> _____ |

**COMPLAINT AND JURY DEMAND**

Comes the Plaintiff, Heather Curry, by counsel, and for her Complaint for damages and Jury Demand against the above-named Defendants states as follows:

**PARTIES**

1.    Plaintiff, Heather Curry, is, and at all times pertinent, was a resident of Campbellsville, Taylor County, Kentucky.

2.    Defendant, Goodwill Industries of Kentucky, Inc. d/b/a Goodwill Industries of Kentucky (hereinafter "Goodwill Industries"), is a company incorporated pursuant to the laws of the state of Kentucky.  Goodwill Industries of Kentucky owns and operates a place of business located at 550 Campbellsville Bypass, Campbellsville, KY 42718 and has its principal office and registered agent located within Louisville, Jefferson County, Kentucky.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. Section 131 and the Family Medical Leave Act, 29 U.S.C. section 2611 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district at Defendant's place of business located at 550 Campbellsville Bypass, Campbellsville, KY 42718.

## STATEMENT OF PERTINENT FACTS

5. Plaintiff, Heather Curry, began working for Defendant, Goodwill Industries, as Center Manager in Campbellsville, Kentucky on or about February 18, 2008.

6. Plaintiff informed her manager, Lennea Wooten, on or about July 22, 2009 that she would need FMLA to undergo a hysterectomy. Plaintiff also informed Katherine Burns, the Division Secretary, Western Division, about her surgery and need for FMLA.

7. Ms. Burns sent the relevant FMLA paperwork by letter to Plaintiff on or about July 31, 2009. Plaintiff returned the completed paperwork to Ms. Wooten on or about August 12, 2009. However, Ms. Wooten advised Plaintiff to keep the paperwork and double check the date of the hysterectomy.

8. Ms. Wooten complained after being informed of Plaintiff's need for FMLA during a late July conference by expressing dissatisfaction with the news, by complaining about having to work in the center store if Plaintiff was allowed leave and by asking if it was absolutely necessary for Plaintiff to have surgery.

9. On or about August 17, 2009, Plaintiff faxed the completed FMLA paperwork to Ms. Burns and informed her that the surgery would take place on August 26, 2009. Later that same day, Ms. Wooten informed Plaintiff that she was laid off due to sales until further notice.

10. On or about August 18, 2009, Plaintiff called Ms. Burns to ensure that she received the FMLA paperwork. Ms. Burns informed Plaintiff that she had been advised not to do anything with her FMLA request. Ms. Burns further informed Plaintiff that Ms. Wooten and Mr. John Wade, Vice President, Western Division, would decide whether to grant Plaintiff FMLA leave. Ms. Burns told the Plaintiff that even if Plaintiff's doctor and federal guidelines approve Plaintiff for FMLA, that Defendant would deny her because she was in a "key position that cannot just be replaced".

11. During the conversation with Ms. Burns, Plaintiff asked for a copy of her file. Ms. Burns told her that she did not think she could give her a copy of her file, but that she would check on it. Plaintiff also asked Ms. Burns about her vacation hours. Ms. Burns told her she was not eligible to take her vacation hours because Ms. Wooten denied her request.

12. On or about August 19, 2009, Plaintiff received a letter of termination dated August 17, 2009 which stated that Ms. Wooten recommended Plaintiff's termination due to refusing to obey instructions, refusing to accept job assignments, poor job performance and falsifying records. That same day, Ms. Wooten left Plaintiff a voicemail in which she informed her that she would not get her PTO because she was terminated.

13. Plaintiff has never received any discipline regarding her work at anytime during her employment with Defendant until the August 17, 2009 letter terminating her employment.

14. Plaintiff received a letter from Mr. Wade dated August 27, 2009, in which he denied Plaintiff's request for FMLA. Mr. Wade advised Plaintiff that she was no longer eligible for FMLA because she was no longer an active employee of Defendant's.

### COUNT I: INTERFERENCE WITH RIGHTS IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. SECTION 2601 *et seq*.

15. Plaintiff realleges each and every allegation set forth in paragraphs one through fourteen of the Complaint as if fully set forth herein.

16. Plaintiff is an "eligible employee" under FMLA.

17. Defendant is a "covered employer" within the meaning of the FMLA.

18. Plaintiff suffered from a serious health condition, i.e. a hysterectomy, and was therefore entitled to leave under FMLA.

19. Plaintiff gave notice of her intent to take medical leave when she contacted Defendant and explained her need for FMLA pursuant to company policy.

20. Plaintiff was unlawfully terminated soon after she informed Defendant that she intended to take medical leave.

21. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past, future lost wages and benefits, and other non-pecuniary losses.

22. Defendant's conduct in interfering with the rights of the Plaintiff was an intentional violation of FMLA. Accordingly, an award of "liquidated damages" against Defendant is warranted under the Family Medical Leave Act.

## COUNT II: RETALIATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, PARTICULARLY 29 U.S.C. SECTION 2615

23. Plaintiff realleges each and every allegation set forth in paragraphs one through twenty-two of the Complaint as if fully set forth herein.

24. Plaintiff availed herself of a protected right under the FMLA when she requested FMLA for a hysterectomy surgery in August 2009.

25. Plaintiff was unlawfully terminated soon after she informed Defendant that she intended to take medical leave.

26. Even though Plaintiff followed Defendant's company policy and notified the company of her need for FMLA leave, Defendant still terminated Plaintiff.

27. As a direct and proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer lost wages and benefits in the past and future lost wages and benefits, and other damages.

28. Defendant's conduct in interfering with the rights of the Plaintiff was an intentional violation of FMLA. Accordingly, an award of "liquidated damages" against Defendant is warranted under the Family Medical Leave Act.

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1. Judgment against the Defendant for its violation of the FMLA and for retaliation in an amount sufficient to fully compensate the Plaintiff for her lost wages and benefits, and all other actual damages sustained by the Plaintiff for her lost wages and benefits, and all other actual damages sustained by the Plaintiff as a direct and proximate result of Defendant's violation of FMLA and Defendant's acts of retaliation;

2. An award of "liquidated damages" pursuant to the Family Medical Leave Act;

3. For Plaintiff's costs expended herein;

4. For Plaintiff's reasonable attorney's fees as provided for by statute;

5. For a trial by jury;

6. For pre-judgment and post-judgment interest at the prevailing legal rate;

7. For any and all other relief that he may be entitled to under the law.

        Respectfully submitted,

        /s/ Rheanne Dodson Falkner
        Rheanne Dodson Falkner
        **MILLER & FALKNER**
        Waterfront Plaza, Suite 2104
        325 West Main Street
        Louisville, KY 40202
        (502) 583-2300
        (502) 583-2323 (fax)
        COUNSEL FOR PLAINTIFF